DOWNEY, Judge.
This is a timely appeal from a final judgment entered pursuant to a jury verdict in favor of appellees, awarding them a money judgment for work performed on appellant’s home located in Fort Lauderdale, Florida.
It appears that appellant, Goldsten, is a resident of Washington, D.C., and the owner of a single family residence in Fort Lauderdale, Florida. Appellee, Ginsburg, is a nationally known interior designer and the principal in the appellee corporation, which owns and operates a factory for the manufacture of custom-made furniture and accessories.
On or about June 23, 1982, the parties reached an understanding whereby Ginsburg was commissioned to perform certain services and furnish certain materials for the improvement of Goldsten’s Fort Laud- *646 erdale home. The agreement between the parties is in part represented by a letter of said date from Ginsburg to Goldsten. The original agreement was augmented by adding work in the kitchen area of the house due to a fire that occurred after the date of the initial understanding. Ginsburg performed the services and provided the furniture and fixtures called for under the contract and was partially paid approximately $260,500. This litigation was commenced as a lien foreclosure to recover the alleged balance due of $127,000. The lien claim was dismissed due to non-compliance with certain requirements of the lien statute and by amended complaint Ginsburg sought recovery under breach of contract and related theories. Ginsburg claimed therein that she performed completely under the contract, according to Goldsten’s directions, but Goldsten contends much of the work done and materials furnished were inferior and unacceptable and, thus, she refused to pay the balance due.
Up to this point the case is not remarkable. Except for the contractual amount involved, it would appear to be a garden-variety dispute between a homeowner and an artisan furnishing labor and materials for the improvement of a home. However, it takes on a more unusual twist by the injection of the provisions of the Home Improvement Sales and Finance Act contained in Chapter 520, Part IV, of the Florida Statutes as a defense against Ginsburg’s suit. Goldsten contends that under the contract entered into between the parties Ginsburg was a home improvement contractor operating without a license as required by said statute and, thus, the appel-lees were not entitled to recover and that Goldsten was entitled to a refund of all payments theretofore made. Ginsburg argues that Chapter 520 is not applicable to this contract for a number of reasons, chief of which are that the contract between the parties did not retain a security interest in the real property; that the services to be performed on her part were not the type of services described in section 520.61(9), Florida Statutes (1985); and that she was an interior decorator or designer and not a home improvement contractor within the purview of said Chapter.
Thus, while Goldsten presents four appellate questions for our consideration, the case turns, in our judgment, upon the determination of whether the contract involved was a home improvement contract. In that respect this appears to be a case of first impression under our Florida statute.
Goldsten has gone to great lengths in describing the work performed by Ginsburg under the contract so as to bring into play the provisions of Chapter 520, Part IV. That part was enacted by the Florida legislature to protect homeowners from unscrupulous home improvement contractors. It requires licensure of any person who enters into more than two home improvement contracts exceeding $500 each during any calendar year. Home improvement is defined as meaning repairs, replacement, remodeling, alteration, improvement of, etc., a single family dwelling when the construction is done pursuant to a home improvement contract “and a security interest in the real property is retained.”
Without describing the detailed services performed under this contract, suffice to say that, all other things being equal, it appears the services rendered by Ginsburg would fit the description of services included within section 520.61(9). Nor would it appear that Ginsburg’s work was excluded by section 520.61(9)(b) because she either performed or arranged for the performance of work and labor in connection with the installation of goods and materials which she furnished pursuant to the contract. However, in our opinion, Goldsten is unable to bring herself within the purview of Chapter 520, Part IV, because the contract does not retain a security interest in the real property within the meaning and purpose of the Act.
Goldsten argues with some force that entitlement to a statutory lien for work, labor and services performed under a contract constitutes a security interest and, thus, the provision of section 520.61(9), regarding retention of a security interest, is fulfilled. We disagree.
As stated above, the legislature enacted The Home Improvement Sales and Finance Act, section 520, Part IV, to protect home *647 owners from unqualified, unscrupulous contractors and the possible loss of their homes based upon claims for shabby, unacceptable work. To implement that policy and purpose Part IV of the act prohibits, under criminal penalties, any person from acting as a home improvement contractor without first obtaining a license from the Department of Banking and Finance. A home improvement, a home improvement contract and a home improvement contractor are all specifically defined. To qualify for licensure as a contractor the person must participate in two or more home improvements involving $500 or more in any calendar year. A home improvement contract means a written agreement in one or more documents between a homeowner and a home improvement contractor for the performance of a home improvement when all or part of the contract price is to be paid in installments over a period greater than 90 days. The type of work or service envisioned as a home improvement is repair, replacement, remodeling, alteration, conversion, modernization, or improvement of, or addition to, any land or building used as a single family residence or dwelling when the work is done pursuant to a home improvement contract and a security interest in the real property is retained.
The contract and evidence presented in this case would seem to qualify as a home improvement under the statute in all respects except that the contract does not retain a security interest as those terms are used in this statute. The very phraseology used indicates the legislative intent that the parties to the contract have to do something more than qualify for a lien by operation of law; they must retain a security interest. We hold this means the parties must specifically agree that the artisan is given a mortgage or other special agreement constituting a security interest in the property. If the legislature had intended to include liens acquired by operation of law as “retained” security interests, it could easily have so provided as was done in the federal Truth In Lending Act, 15 U.S.C.A., § 1635(a) (West 1982), wherein it is provided:
[I]n the case of any consumer credit transaction ... in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property....
Since retention of a security interest in the real property is a condition required in a home improvement contract, the absence of such a provision precludes application of the Act to the contractual undertaking.
Goldsten’s final appellate point has to do with the failure of the trial court to grant her any relief via her motion for judgment notwithstanding the verdict. Thereunder, Goldsten sought a diminution in the amount of Ginsburg’s claim due to faulty workmanship. Ginsburg justifies the denial of said motion on the basis that she sought recovery of $127,000 as the balance due on the contract. However, the jury awarded her a lesser sum and, thus, it may be assumed the jury reduced the award to satisfy Goldsten’s claims. The argument is plausible and we have no transcript of the evidence adduced at trial and, thus, cannot find refutation of the argument in the record.
In view of the foregoing, the judgment appealed from is affirmed.
HERSEY, C.J., and GUNTHER, J., concur.